THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| EARL LESTON BARNES, <br><br> Petitioner, <br><br> v. <br><br> STATE OF UTAH, *et al.*, <br><br> Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION** <br><br> Case No. 2:24-CV-435-TS <br><br> District Judge Ted Stewart |

Utah Inmate Earl Leston Barnes ("Petitioner"), filed an *pro se* application for relief under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C.S. § 2241, *et seq.* (2026) ("AEDPA"). The Amended Petition (ECF No. 5) challenges Utah's sentencing scheme as unconstitutional and contends that his current incarceration at the Utah State Correctional Facility violates his sentence to serve life "in prison." Finally, Petitioner requests that this court order his release pursuant to federal sentencing guidelines. Respondent moves to dismiss, arguing that this court lacks jurisdiction to consider Petitioner's second or successive claims under 28 U.S.C.S. Section 2254, that Petitioner's claims are both untimely and procedurally defaulted and that Petitioner's claims fail on the merits.

Five motions are pending: Petitioner's Motion to Clarify Order and Correct the Widespread and Pervasive Abuse of Discretion (ECF No. 27), Petitioner's (second) Motion to Appoint Counsel (ECF No. 28), Petitioner's Motion to Strike Respondent's Answer (ECF No. 29), Petitioner's Motion to Clarify Motion to Strike (ECF No. 30), Petitioner's Motion for

1

Preliminary Injunction (ECF No. 33), and Petitioner's Motion for Temporary Restraining Order (ECF No. 35).

This court lacks jurisdiction to consider second or successive claims under Section 2254. *See* 28 U.S.C.S 2244 (3)(A)(2026) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner fails to raise any cognizable claims for relief under Section 2241. The Amended Petition (ECF No. 5) is DISMISSED. Petitioner's other outstanding motions (ECF Nos. 27-30, 33, 35) are DISMISSED for mootness.

## BACKGROUND

At approximately 3:30 pm on Sunday, January 26, 2003, Garfield County Deputy Sherriff David Jones stopped a vehicle near Escalante, Utah on suspicion that the driver was intoxicated. After confirming his suspicions, Deputy Jones handcuffed and detained the driver in his patrol car.

Deputy Jones then turned his attention to Petitioner, who was a passenger in the driver's truck and found to be in possession of an open container of alcohol. Deputy Jones was momentarily distracted by a call on his radio as he issued Petitioner a citation for the open container. Petitioner took advantage of the distraction, drew a rifle and trained it on Deputy Jones. Deputy Jones responded to the threat by drawing his own firearm and repeatedly ordering Petitioner to lower the rifle. Petitioner refused to comply. Based on Deputy Jones's recording of the incident, two shots fired nearly simultaneously. According to Petitioner's guilty plea, "[Petitioner] fired at Deputy Jones and he returned fire." ECF No. 17-3, at 3. Petitioner's bullet penetrated Deputy Jones's heart, killing him almost instantaneously.

Petitioner was also wounded, but he survived. Petitioner removed his intoxicated friend from the patrol car, obtained the key to the handcuffs from Deputy Jones's body and removed the handcuffs. Petitioner and his friend fled the scene in their truck. Petitioner was apprehended after a relatively brief but coordinated search involving aircraft and law enforcement agents from multiple jurisdictions. Petitioner was immediately flown to a hospital in Arizona to treat his gunshot wound.

The State charged Petitioner with capital aggravated murder, aggravated robbery, escape from custody, obstruction of justice,   and driving under the influence of alcohol. ECF No. 17-2, at 1. In June 2003, Petitioner pled guilty to aggravated capital murder in exchange for the dismissal of the remaining charges. ECF No. 17-3, at 7. Further, the prosecutors agreed not to seek the death penalty. *Id*. Petitioner did not appeal his conviction.

Petitioner filed a state petition for post-conviction relief claiming that he had received ineffective assistance of counsel, his plea was unknowing and involuntary and that the trial court had not adequately informed him of his rights at the time of his plea. *See Barnes v. State*, No. 2004077-CA, 2004 UT App 403U (Nov. 4, 2004) (unpublished) (ECF No. 17-6). The trial court dismissed Petitioner's state habeas application as frivolous on its face. The Utah Court of Appeals affirmed. *Id*. at 2.

Petitioner then filed a second state petition for post-conviction relief on August 27, 2013. *See* Order, *Barnes v. State*, No. 120600047 at ¶ 8 (Utah 6th Dist. March 7, 2014) (ECF No. 17-9, at 2). The district court found that the second petition was barred by the statute of limitations, the claims were procedurally barred because they could have been, but were not asserted on appeal, the claims either could have been, or were asserted in the first petition and that the petition was

3

frivolous on its face. *Id*. at 10-11. Petitioner did not appeal the dismissal of his second state petition.

More than six years later, in April 2020, Petitioner filed an application for federal habeas relief, which he designated as a challenge to the execution of his sentence under Section 2241. Petition, *Barnes v. Haddon*, No. 2:20-cv-264-RJS, No. 1 (D. Utah, Apr. 20, 2020). Petitioner asserted that prosecutors had usurped judicial sentencing authority by declining to pursue the death penalty (thus denying Petitioner the right to representation by capital qualified counsel); that Utah's indeterminate sentencing scheme is unconstitutional; and that his conviction and sentence were obtained by fraud on the court. *Id*. at 7-8. Despite Petitioner's invocation of § 2241, this court construed the application as a challenge to the validity of his sentence under § 2254. Order, *Barnes v. Haddon*, No. 2:20-cv-264-RJS, No. 13, at 1 (D. Utah, Jan. 6, 2022) (ECF No. 17-11.) This court dismissed Petitioner's claims as untimely. *Id*. at 6.

In 2023, the Utah Department of Corrections closed the Utah State Prison and transferred Petitioner to the newly constructed Utah State Correctional Facility in Salt Lake City.

On June 17, 2024, Petitioner filed another application for federal relief. (ECF No. 1). Again, Petitioner invoked § 2241 as the basis for his claims. Liberally construed[1], the petition argued that 1) Petitioner's conviction was invalid because his counsel failed to adequately advise him of the implications of his plea bargain; 2) Utah's indeterminate sentencing scheme violates the Sixth Amendment; 3) Petitioner's transfer from the Utah State Prison to the Utah State

---

[1] Petitioner's pro se pleadings are entitled to liberal construction. *See, Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotations omitted) (internal citations omitted.) *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") "Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

Correctional Facility violated the terms of his sentence to serve life without parole "in prison;" 4) prosecutorial discretion not to pursue the death penalty amounted to unlawful usurpation of judicial sentencing authority; and, 5) Utah's indeterminate sentencing scheme violates constitutional separation of powers.

Three months later, Petitioner filed a procedurally defective supplement to his petition (ECF No. 2). The court ordered him to file an amended petition within thirty days. The Order instructed Petitioner that the "Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner." ECF No. 4, at 2 (citing *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1988).

Petitioner never filed a document captioned as an amended petition. The court received only one filing from Petitioner within the relevant filing period.[2] The filing was styled a "Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(e)(1)(A) Criminal Action, 28:2241." ECF No. 5, at 1. Based on Petitioner's caption, it is unclear that he intended the filing to serve as his Amended Petition. However, having received no other documents responsive to its Order (ECF No. 4) the court lodged the document as the Amended Petition and ordered the State of Utah to respond. *See* ECF No. 6. Petitioner has subsequently referred to his Motion for Modification as the operative petition. *See, e.g.*, Reply, ECF No. 24, at 3 (referring to ECF No. 5 as the "Amended Petition"); Petitioner's Motion to Strike, ECF No. 29, at 3 ("Inasmuch as Petitioner's verified petition (ECF No. 5, 6) is properly before this court it may not be attacked as untimely, and /or unauthorized second petition. . . .") Further, Petitioner has not made an attempt

---

[2] Petitioner's next filing, a notice of claim of unconstitutionality (ECF No. 7) alerting the Utah Attorney General that he is challenging the constitutionality of the Utah sentencing scheme was mad approximately thirty days after the court's deadline for Petitioner to file an amended complaint had expired.

5

to file an amended petition in the ensuing fourteen months. Therefore, the court construes ECF No. 5 as the operative Amended Petition and endeavors to discern Petitioner's claims therefrom.

The Amended Petition reiterates some of Petitioner's claims and introduces new arguments in support of his release. Petitioner argues that 1) he meets criteria for a reduction in sentence under federal sentencing guidelines. (ECF No. 5, at 1-2); 2) Utah's sentencing scheme is unconstitutional because it violates the equal protection clause. (*Id*. at 6-7); 3) the Utah sentencing scheme violates constitutional principles of separation of powers by allowing the executive branch to usurp judicial authority. *Id*. at 9; and 4) Petitioner was denied due process prior to his transfer from the Utah State Prison to the Utah Correctional facility. *Id* at 10-15.

Respondents' Answer (ECF No. 17) argues that Petitioner's claims are barred as second and successive claims under Section 2254, the claims are untimely, the claims are procedurally defaulted because they were never presented to the Utah Supreme Court, and that the claims fail on their merits.

Petitioner's Reply (ECF No. 24) concedes that "[t]he claims in the Amended Petition challenging Petitioner's underlying conviction and sentence are governed by § 2254, which are moot in this petition. While the claims in the Amended Petition challenging the execution of Petitioner's sentence are governed by § 2241." ECF No. 24, at 6. Nevertheless, Petitioner asks the court to exercise jurisdiction under § 2241 to find that his conviction was invalid because his plea was not made knowingly and voluntarily. *Id* at 20.

## CLAIMS ARISING UNDER SECTION 2254

"The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2026). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to

6

§ 2254 . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence . . . ." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Still, both kinds of actions qualify as habeas proceedings because they "attack[] the fact or duration of a prisoner's confinement and seek[] the remedy of immediate release or a shortened period of confinement." *Id.* at 812.

District courts lack jurisdiction to consider second or successive claims brought under § 2254 which were raised in a prior petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C.S. § 2244(b)(1); *see also*, *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) ("Section 2244 prohibits habeas applicants from filing a subsequent petition that relitigates the merits of previously denied claims.")

When a petition presents claims in a second or successive application under § 2254, which were not presented in the previous application, the district court has discretion to transfer the claims to the court of appeals if it would be in the interests of justice.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Court of Appeals], the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization." *Id*.

Petitioner's claims, which challenge the validity of his sentence or conviction must be dismissed as second or successive claims under § 2254. Petitioner challenges the validity of

Utah's sentencing laws. The Amended Complaint argues that "the sentencing scheme violates the Equal Protection, or Uniform Operation of Law Clause, Despite being the beneficiary of prosecutorial chose [sic] not to seek a death sentence for him." ECF No. 5, at 7. Petitioner also complains that Utah's sentencing scheme allows the executive branch to usurp judicial sentencing authority. *Id*. at 9. To the extent these arguments articulate a cognizable claims for relief, they arise under § 2254. *See McIntosh*, 115 F.3d at 811.

Petitioner filed a previous petition to this court which also challenged Utah's sentencing scheme. *See* Petition, *Barnes v. Haddon*, No. 2:20-cv-264-RJS, No. 1, at 8 (D. Utah, Apr. 20, 2020) ("Petitioner is raising a separation of powers argument by asserting the judicial and executive branches have ceded authority to the Utah Department of Corrections.") Although Petitioner designated both of his petitions as arising under § 2241, they both include claims challenging the validity of Utah's sentencing laws, and by extension, the validity of his conviction and sentence under those laws. Such claims are properly construed under § 2254. Both Petitions argue that Utah sentencing laws impermissibly allow the executive branch to usurp judicial authority. This court lacks jurisdiction to consider claims raised in a previous application under § 2254. *See* 28 U.S.C.S. § 2244(b)(1). To the extent that Petitioner's equal protection claim raises a claim under § 2254 which was not raised in a prior application, the court concludes that it lacks sufficient merit to warrant a transfer to the Tenth Circuit as a request to file a second or successive petition. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization.")

8

## CLAIMS ARISING UNDER SECTION 2241

A motion to dismiss may be granted when the petition has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a petition must present factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

Indeed, "it is well established that '[the] district court [may] dismiss summarily [a] petition on the merits when no claim for relief is stated.'" *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (alterations in original) (citations and quotation marks omitted). And, "precedent allows a district court to recognize affirmative defenses *sua sponte* in the habeas context." *In re McCormick*, No. 11-3071, 2011 U.S. App. LEXIS 20172, at *8 (10th Cir. Apr. 19, 2011). After all, "habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside." *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)).

The United States Supreme Court has observed that federal district courts have inherent authority to dismiss a frivolous case. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory

9

provision."); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (holding federal district courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").

A claim "is frivolous if it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating legal frivolousness includes both "inarguable legal conclusion[s]" and "fanciful factual allegation[s]"); *see Mallett v. United States*, 721 F. App'x 836, 865 (10th Cir. 2018) (frivolous habeas-corpus petition); *Branch v. Crowther*, 708 F. App'x 963, 965 (10th Cir. 2018) (frivolous § 2254 petition). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted). The initial pleading here is subject to review pursuant to the inherent authority of this court to ensure that that the case is not frivolous--i.e., involving "delusional and factually frivolous" allegations and resting on "an indisputedly meritless legal theory." *Mallett v. United States*, 721 F. App'x 836, 837 (10th Cir. 2018) (unpublished) (quotation marks omitted).

The Tenth Circuit Court of Appeals has affirmed that "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Fleming v. Coulter*, 573 Fed. Appx. 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)); *Freeman v. Davis*, 414 F. App'x 163, 165 (10th Cir. 2011) (unpublished). Further, "courts have no obligation to permit a pleading amendment when a litigant does not file a formal motion for leave to amend." *Id.* (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)). Finally, dismissal without leave to amend is appropriate where a

10

motion to dismiss has provided petitioner with notice of defects in his petition and the petitioner declined to avail himself of the opportunity to correct the deficiency. *Id*.

## ANALYSIS

The court has jurisdiction to consider Petitioner's claims that he is eligible for a reduced sentence under federal sentencing guidelines, and that his transfer to the Utah State Correctional Facility violated the terms of his sentence to serve life "in prison" because those claims can be construed as challenges to the execution of his sentence arising under § 2241. Nevertheless, both claims fail to state a cognizable claim that his federal rights have been violated.

First, Petitioner's request for a reduced sentence under federal sentencing guidelines fails to state a claim under the AEDPA. Petitioner was convicted and sentenced under Utah law. Federal sentencing guidelines do not apply. Therefore, his argument that he would be entitled to a reduced sentence under federal sentencing guidelines is entirely irrelevant. Petitioner's request for a reduced sentence based on the federal sentencing guidelines is frivolous because it lacks any basis in law or fact. *See Neitzke v. Williams*, 490 U.S. at 325.

Second, Petitioner's claim that his transfer to the Utah State Correctional Facility violates the terms of his sentence to serve life "in prison" is also frivolous on its face. Petitioner was sentenced to serve a term of life in prison without parole. Petitioner offers no authority for his conclusory argument that the particular facility in which he would be confined was a material element of the sentence.

The Due Process Clause does not protect a duly convicted prisoner against transfer from one institution to another within the state prison system. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison

system so long as the conditions of confinement do not otherwise violate the Constitution." *Id*. at 224. Utah law defines a correctional facility as "any facility operated to house offenders in a secure or nonsecure setting." U.C.A. § 64-13-1(4) (2026). Petitioner has offered no evidence that either the Utah State Prison or the Utah State Correctional Facility fall outside that definition. Utah law authorizes the Department of Corrections to "transfer offenders from one correctional facility to another." U.C.A. § 64-13-14(3) (2026). The Due Process Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Petitioner's reliance on *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936) for the proposition that "the sentence imposed by the 'sentencing court is controlling'" is unavailing. *See* (ECF No. 1-2, at 21) (quoting *Hill,* at 464.) *Hill* is inapposite. In *Hill*, a defendant convicted of tax fraud was sentenced to pay a fine and serve time in federal penitentiary. The clerk of court inserted a provision into the mittimus order that conditioned the defendant's release upon his payment of the fine, potentially extending the term of incarceration. The Supreme Court held that the unauthorized condition for release was void because of the potential to extend the defendant's confinement beyond the sentence imposed by the judge. *Hill* at 467. *Hill* has no application to Petitioner's claim that he was sentenced to confinement in a "prison" as distinguished from a "correctional facility."

Petitioner's claims that the closure of the Utah State Prison somehow voided his sentence to serve life in prison is frivolous on its face. Petitioner fails to offer any support for the propositions that his sentence required that he be confined only in the Utah State Prison, or that his transfer to another correctional facility required a judicial order. Petitioner's contention that

the Utah State Correctional Facility somehow fails to qualify as a "prison" lacks any basis in law or fact.

Finally, Petitioner has submitted multiple filings rehashing his arguments but declined to avail himself of the opportunity to amend the Petition to raise a viable claim for relief. Therefore, dismissal without leave to amend is appropriate. *See Fleming v. Coulter*, 573 Fed. Appx. at 769.

## CERTIFICATE OF APPEALABILITY

Petitioner is not entitled to a certificate of appealability. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." U.S.C.S. 2253(c)(2) (2026). The Supreme Court has clarified the standard for obtaining a certificate of appealability after a habeas petition is denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, Petitioner is not entitled to a certificate of appealability because he has not alleged sufficient facts to establish that jurists of reason would find it debatable that the Petition states a valid claim of a denial of a constitutional right.

## CONCLUSION

The court lacks jurisdiction to consider a second or successive challenge to Petitioner's conviction or sentence. Petitioner's remaining claims fail to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that the Amended Petition (ECF No. 5) is **DISMISSED WITH PREJUDICE**.

Petitioner's Motion to Clarify Order and Correct the Widespread and Pervasive Abuse of Discretion (ECF No. 27) is **DENIED**;

Petitioner's (second) Motion to Appoint Counsel (ECF No. 28) is **DENIED**;

Petitioner's Motion to Strike Respondent's Answer (ECF No. 29) is **DENIED**;

Petitioner's Motion to Clarify Motion to Strike (ECF No. 30) is **DENIED**;

Petitioner's Motion for Preliminary Injunction (ECF No. 33) is **DENIED**;

Petitioner's Motion for Temporary Restraining Order (ECF No. 35) is **DENIED.**

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 11th day of June, 2026.

BY THE COURT

_____

JUDGE TED STEWART
United States District Court

14